## WISE v INDUSTRIAL COMMISSION

Ohio Appeals, 2nd Dist, Miami Co

No 336.  Decided May 2, 1935

Berry & McCullough, Piqua, for plaintiff in error.

John W. Bricker, Attorney General, Columbus, and Oscar W. Brown, Dayton, for defendant in error.

**OPINION**

By HORNBECK, J.

We have considered this record with great care and have read most of it more than once. At the outset we do not hesitate to say that had we been serving as jurors we would have favored a verdict for the plaintiff. However, the test of our judgment on review is not based at all upon our opinion of what the evidence proves, but whether or not, giving to it a favorable intendment to the contention of the prevailing party, does the verdict appear to be manifestly against the determination of the jury?

The trial court properly charged and the jury was required to determine three disputed questions of fact: (1) Did plaintiff's decedent suffer an injury as claimed by plaintiff, namely, by the inhalation of the poisonous chlorine gas fumes? (2) If plaintiff's decedent was so injured, did it cause disability which was continuous from the date of injury until death? (3) Was death a result of the original injury? That is to say, was death of plaintiff's decedent accelerated by the original injury?

The second issue of fact which it was incumbent upon the plaintiff to prove was a requisite not found in the usual death claim against the Commission and was made necessary by reason of a part of §1465-82 GC, as follows:

"In case the injury causes death within the period of two years, **and in cases in which compensation or disability on account of the injury has been continuous to the time of the death of the injured person** and the death is the result of such original injury, the benefits shall be in the amount and to the persons following:" (Emphasis ours).

Upon the first proposition heretofore stated we believe there can be no doubt upon the record. The proof of the sustaining of the injury by plaintiff's decedent in the manner claimed by plaintiff is clearly established, though there is considerable difference as to the date of the injury which unexplained may have influenced the jury.

On the third proposition, namely, whether or not the injury hastened the death of plaintiff's decedent, we are satisfied that plaintiff has well sustained the burden of proof, although there is sufficient conflict in the testimony to afford the jury a basis for its verdict. There is some difficulty in reconciling the testimony of Mr. Grigsby, a fellow workman of Mr. Wise, who observed the occurrences when he inhaled the fumes; that Mr. Wise immediately after the inhalation of the fumes looked natural and he could see no difference in him at the time, and that he worked the rest of the day, and the statement of two of plaintiff's doctors who testified on the subject that there would be marked change in appearance. However, Dr. W. T. Wilkins, Jr., also testifying for the plaintiff said that the ill effects of the inhalation of the gas might not be manifest for some time

after it was taken into the nose and bronchial tubes. The jury had the right to make choice between these conflicting theories as to the time when the effect of the gas would be noticeable in the appearance of Mr. Wise. The jury may also have given considerable weight to the cause of death as stated in the death certificate, wherein there was no mention of the injury to Mr. Wise as a contributing cause and also because one of the causes of death assigned, namely, organic heart disease of three years duration could have accounted for the hemorrhages from which Mr. Wise suffered. The testimony of the medical experts for the claimant respecting the cause of death was more reasonable and convincing than that which was offered by the expert for the defense, whose answer respecting the effect of "inhalation of a mixture of muriatic acid in sufficient quantity to irritate the nasal membranes of the bronchial tubes" was, in our judgment, neither convincing nor reasonable and materially weakens the effect of his answers to the hypothetical questions.

Upon the second proposition, namely, whether or not, as provided by the statute, the disability of plaintiff's decedent, on account of the injury, had been continuous from the time that it was sustained to his death, is upon this record subject to honest difference of opinion. It is admitted that Mr. Wise lost no time from his work for six months after his injury.

Inasmuch as there is a general verdict, we have no means of determining upon what issue or issues the jury returned its verdict. It may have been for want of proof upon the second or/and third propositions heretofore stated. If so we could not, within the scope of our authority as a reviewing court, hold that the determination of the jury was so manifestly against the weight of the evidence as to require the verdict and judgment to be set aside. It must, therefore, be affirmed.

KUNKLE, PJ, and BARNES, J, concur.